UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SOPHIA M BIERMAN,

        Plaintiff,

  v.

JON P. LEVENHAGEN,

        Defendant.

Case No. 23-cv-598-pp

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

      On May 11, 2023, the plaintiff, who is representing herself, filed a complaint against her ex-husband. Dkt. No. 1. The plaintiff sought a post-divorce modification of her child support arrearage in the state courts. She asks this court to overturn the state court decision denying her a refund of amounts paid from a Social Security benefits award.

      Although the court finds that the plaintiff cannot prepay the filing fee, the court will dismiss the case for failure to state a claim because this federal court does not have the authority to review and overturn the state court judgment.

**I.    Request to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

      To allow the plaintiff to proceed without prepaying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous, malicious, or fails to state a claim upon which

1

relief can be granted. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i). The plaintiff's request to proceed without prepaying the fee says she is not employed (she is disabled), she is married and has a spouse who is employed. Dkt. No. 2 at 1. She says that she is not responsible for supporting any dependents. Id. at 2. Her spouse earns $2,000 per month and she has no other sources of income. Id. The plaintiff claims monthly expenses of $3,250. Id. Based on the information in the request, the court concludes that the plaintiff does not have the ability to prepay the filing fee.

The court is allowing the plaintiff to proceed without prepaying the filing fee, but she is still obligated for the full fee in each case that she files. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original).

**II.     Law Governing Screening**

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). To state a claim under the federal notice pleading system, a plaintiff must provide a "short and plain statement of the claim" showing that she is entitled to relief. Federal Rule of Civil Procedure 8(a)(2). A plaintiff does not need to plead every fact supporting her claims; she needs only to give the defendant fair notice of the claim and the grounds upon

which it rests. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). At the same time, the allegations "must be enough to raise a right to relief above the speculative level." Id. Because the plaintiff represents herself, the court must liberally construe the allegations of her complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### III. Facts Alleged in the Complaint

The plaintiff alleges that, in February of 2021, Judge Fiorenza violated her rights in Milwaukee County Circuit Court Case No. 2008FA1549 by refusing to acknowledge that the plaintiff's ex-husband (the only named defendant in this case) had three sources of income. Dkt. No. 1 at 2. The plaintiff says that Judge Fiorenza failed to "adhere to state laws for a disabled person," refused to ask "the defendant"—the plaintiff's husband—what his income was and ignored law that required her to adjust the child support obligation by subtracting the amount of the child's Social Security benefit. Id. at 3. The plaintiff further alleges that Wisconsin Supreme Court determined that the "judges in District 1 were disqualified" but that those "initial judges" still ruled on the plaintiff's case in the Wisconsin Court of Appeals. Id. The plaintiff maintains that she filed a petition for review with the Wisconsin Supreme Court but that the same court of appeals judges denied her petition for review. Id.

According to the plaintiff, her husband submitted a letter to the Social Security Administration requesting benefits and there was to be a hearing before he "received any monies which there was not." Id. at 4. The plaintiff says

3

that her husband also failed to disclose that he received disability, he received her daughter's disability, and he collected additional income. Id. She describes her claim as follows:

> Asking court to recognize I fulfilled my child support obligations by virtue of the children's receipt of Social Security dependent benefits in accordance with Stat. 767.59(1r)(d) and I should not be penalized having to pay child support twice but reimbursed [illegible] the amount and grant me a credit which is fair and equitable and appropriate in accordance with Stat. 767.59(1r)(d), DCF 150.03(5)(a) and would not result in each protection violation total amount $31,222.06.

Id.

> Under "Relief Wanted," the plaintiff writes:

> I would like the Federal Court to apply the Statues [sic] as they were written & meant for everyone. Not for the Court of Appeals Judges to pick and choose to apply the state statues [sic] DCF. 150.03(5) adj for Soc Sec back benefits/overpayment 42 USC 402(d) through 42 U.S.C. 401 to 433. As well as Paulhe v. Riley, and state stat. 767.59(1m), 767.59(1r)(d). To have the overpayment of $24,155.09 + atty fees that I had to pay totals $31,222.06 and order the defendant through his soc sec claim have a lien placed on his and receive my money returned to me in 1 lump sum as it was taken from me unjustly. I had to fight for 10 yrs to get my soc sec disability and have someone who was/is receiving his Soc Sed, our daughters a other state benefits (snap, heat paid, etc.) The state statues [sic] clear say he is not entitled to it. Return a total of $31,222.06 in 1 lump sum from his soc sec and anything else the court sees fit.

Id. at 5.

**IV. Analysis**

The plaintiff asks the court to overturn a state court judgment. "The Rooker-Feldman[1] doctrine prevents lower federal courts from exercising

---

[1] Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

4

jurisdiction over cases brought by state-court losers challenging state-court judgments rendered before the district court proceedings commenced." Mains v. Citibank, N.A., 852 F.3d 669, 675 (7th Cir. 2017); see also Brown v. Bowman, 668 F.3d 437, 442 (7th Cir. 2012). "Claims that directly seek to set aside a state-court judgment are *de facto* appeals that trigger the doctrine," but "even federal claims that were not raised in state court, or that do not on their face require review of a state court's decision, may be subject to Rooker-Feldman if those claims are closely enough related to a state-court judgment." Mains, 852 F.3d at 675; see also Jakupovic v. Curran, 850 F.3d 898, 902 (7th Cir. 2017).

When the plaintiff and her husband divorced in 2009, the court awarded primary placement of their children to the husband. Bierman v. Levenhagen, No. 2021AP500, 2022 WL 1599897, *1 (Wis. Ct. App. Apr. 26, 2022). The Milwaukee County Circuit Court ordered the plaintiff to pay child support based on imputed income because, at that time, she was not working but was pursuing a claim for disability benefits. Id. When the Social Security Administration found the plaintiff disabled in 2018 or 2019, it awarded her $96,000 in past due benefits but withheld $24,155.99 for delinquent child support and interest. Id. The Social Security Administration separately awarded the parties' children past due benefits and, because the children were by then adults, paid the benefits directly to them (or, in the case of the parties' daughter, who is disabled, directly to her institutional guardian). Id. The plaintiff moved for modification of the arrears and sought reimbursement for

5

the amount she paid her husband in child support and the amount of her benefits her children received. Id. The circuit court denied her claims. Id.

The Wisconsin Court of Appeals summarily affirmed the Milwaukee County Circuit Court, and, among other things, determined that the court properly declined to offset the plaintiff's support obligation to her husband by the amount of the Social Security disability benefits the children received. Id. The Wisconsin Supreme Court denied the plaintiff's petition for review on November 16, 2022. Bierman, 2022 WL 17586472, *1 (Wis. Nov. 16, 2022).

In the underlying state court proceedings, the plaintiff raised all the same arguments that she raises in this federal complaint, including her arguments regarding the application of Paulhe v. Riley, 295 Wis. 2d 541 (Wis. Ct. App. 2006). Id. The Seventh Circuit has held that Rooker-Feldman bars review of claims relating to a state court divorce and child custody proceeding. Golden v. Helen Sigman & Assoc., Ltd., 611 F.3d 356, 361-62 (7th Cir. 2010). Like the plaintiff in Golden, the plaintiff in this case has failed to allege a harm that is separate and independent from the state court's determination. Further, as the Seventh Circuit noted in Golden, a federal court is required to give full faith and credit to a state court judgment. 28 U.S.C. §1738. Id.

Although courts generally permit civil plaintiffs at least one opportunity to amend the complaint, the court need not do so where the amendment would be futile. See Fields v. Miller, No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. April 5, 2022) (citing Zimmerman v. Bornick, 25 F.4th 491, 492 (7th Cir. 2022); Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d

510, 519-20 (7th Cir. 2015); <u>Perez v. Fenoglio</u>, 792 F3d. 768, 783 (7th Cir. 2015)). Given the deficiencies identified by the court and the many ways in which the plaintiff has tried to raise these allegations, the court cannot conclude that the plaintiff could remedy the deficiencies by amending the complaint.

**V.    CONCLUSION**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** for failure to state a claim upon which relief can be granted by this court. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 18th day of May, 2023.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**
